# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:09-0320-07 |
| VERSUS | * | JUDGE DOHERTY |
| LEONARD MORRISON | * | MAGISTRATE JUDGE HILL |

## RULING

Currently before court is the Motion for Reconsideration filed by Leonard Morrison ("Morrison"). [rec. doc. 788].  By this Motion, Morrison seeks a reconsideration of the undersigned's ruling denying his Motion to Produce Sentencing Transcript Without Cost or Repayment Thereof and Motion for Leave to Proceed In *Forma Pauperis,* wherein he sought a free copy of his sentencing transcript "so that he may perfect his Motion seeking specific performance of his plea agreement and caused of action against the Government potentially in violation of his Plea Agreement under Contract Laws" and in *forma pauperis* status so that he may obtain his sentencing transcript free of charge. [rec. doc. 785].  Morrison complains that the undersigned should not have referred to § 2255 cases, and presumably, the one-year statute of limitation applicable thereto, because his claim was filed pursuant to Rule 16 of the Federal Rules of Criminal  Procedure.

Morrison's contentions are without merit.  Rule 16 of the Federal Rules of Criminal Procedure outlines the government's pre-trial discovery obligations.  *United States v. Nobles*, 422 U.S. 225, 235-236, 95 S.Ct. 2160, 2168-2169 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."). The

Rule therefore has no application in collateral proceedings.  Furthermore, even if Rule 16 was applicable in collateral post-conviction proceedings, Morrison's sentencing transcript does not fall within any of the enumerated categories required by Rule 16(a)(1) to be disclosed by the government, and is clearly not "within the government's possession, custody, or control", a necessary prerequisite to production under the Rule. *See* Rule 16(a)(1)(B)(i) (Defendant's Recorded Statement); *see also* Rule 16(a)(1)(E) (Documents or Objects).

Federal courts may properly ignore the legal label that a *pro se* litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category, to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.  *Castro v. United States*, 540 U.S. 375, 381-382, 124 S.Ct. 786, 791-792 (2003).  Contrary to Morrison's present contentions, claims seeking specific performance of an allegedly breached plea agreement are typically considered in § 2255 Motions.  *United States v, Huerta,* 515 Fed. Appx. 266, 267 (5th Cir, 2013) *citing Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001) and *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992); *United States v. Mitchell*, 444 Fed. Appx. 78, 79 (5th Cir. 2011); *see also  McDow v. United States*, 2014 WL 3342571, *2 (N.D. Tex. 2014).  This is so because  § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence and is the appropriate remedy for "any error that 'occurred at or prior to sentencing.'" *Reyes–Requena,* 243 F.3d at 901 *quoting Cox v. Warden, Fed. Detention Ctr*., 911 F.2d 1111, 1113 (5th Cir. 1990)

quoting *United States v. Flores,* 616 F.2d 840, 842 (5th Cir. 1980); *Padilla v. United States*, 416 F.3d 424, 425-426 (5th Cir. 2005).

For these reasons;

**IT IS ORDERED** that the instant Motion for Reconsideration [rec. doc. 788] is **denied**.

Signed in chambers in Lafayette, Louisiana on September 24, 2014.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE